# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

AMIN BOOKER; PAUL COLON; and
LAWRENCE WILSON,

                                 Plaintiffs,

      vs.                                                    9:13-CV-1342
                                                               (GTS/ATB)

HAROLD GRAHAM, et al.,

                                 Defendants.

AMIN BOOKER; PAUL COLON; and LAWRENCE WILSON, Plaintiffs pro se
ADRIENNE J. KERWIN, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). In this amended civil rights complaint, plaintiffs allege that, while they were incarcerated at Auburn Correctional Facility ("Auburn"), defendants violated plaintiffs' rights to freedom of religion under the First Amendment and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq. (Amended Complaint ("AC")) (Dkt. No. 178).

Presently before the court is a motion to dismiss filed on behalf of newly added defendants Arria, Carpenter, Griffin, and Stevens. (Dkt. No. 186). Plaintiff Booker has filed a response in opposition to the motion. (Dkt. No. 190). For the following reasons, this court agrees with plaintiffs and will recommend denying defendants' motion to dismiss.

# DISCUSSION

## I. <u>Motion to Dismiss</u>

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court

2

may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

## II. Facts

In my order, granting plaintiffs' motion to amend, I reviewed the facts and the causes of action that plaintiffs are asserting. (Dkt. No. 177 at 5-7). I will repeat the essence of the amended complaint for clarity, but will confine the analysis to the facts stated against the moving defendants. Plaintiffs are all practicing Muslims who were incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Auburn at the time of the events alleged in the amended complaint. (*See* Dkt. No. 178). The Muslim Ramadan holiday took place from July 9, 2013 to August 9, 2013. (*Id.* ¶ 16). Plaintiffs state that prior to July 29,

2013, they were permitted to fulfill their Ramadan obligations. (*Id.* at ¶¶ 16-17, 21, 144). Auburn was placed on lock-down from July 29, 2013 to August 2, 2013. Plaintiffs allege that defendants Graham, Robinson, and Thomas requested, and received authorization from DOCCS Deputy Commissioner Bellnier to lock down the facility. (Dkt. No. 178 ¶¶ 38-40).

During the lock-down, plaintiffs were (1) prohibited from taking part in congregational prayer/services, (2) prohibited from taking part in Jumah services, (3) prohibited from properly fasting, (4) not provided proper breakfast and dinner meals and (5) not given access to the Imam. (*See generally* Dkt. No. 178). They were allowed to leave their cells only for urinalysis testing, disciplinary hearings, medication runs, visits, and inmate interviews. (Dkt. No. 178 ¶¶ 48). All inmates were provided identical meals during the lock-down.[1] (*Id.* ¶¶ 27, 52, 114, 122, 146, 150). Beginning on August 3, 2013, the plaintiffs were permitted to resume their observance of Ramadan. (*Id.* ¶¶ 129-30).

I construed the amended complaint liberally and found that plaintiffs alleged five separate causes of action: (1) defendants Graham, Robinson, Thomas, Bellnier, Martin, Arria, Carpenter, Griffin, Stevens, Maloney, Pidlypchak, John Doe # 1, and John Doe # 2 violated the plaintiffs' rights under the First Amendment and RLUIPA when they denied plaintiffs the right to observe Ramadan and attend Jumah services, have access to an Imam, or to properly fulfill their Islamic fasting requirements (the "First Cause of

---

[1] It appears that on July 29, 2013, the plaintiffs were given a Sahoor Bag, but it was given to them at the incorrect time. (Dkt. No. 178 ¶¶ 25, 147).

4

Action"); (2) defendants Graham, Thomas, Robinson, Martin, Maloney, Carpenter, Pidlypchak, Arria, and John Doe # 1 violated plaintiffs' rights under the First Amendment, RLUIPA, and the Fourteenth Amendment due process clause when they deprived plaintiffs of religious food products purchased with funds earmarked for Ramadan meals (the "Second Cause of Action"); (3) defendants Fagan, Graham, Robinson, and Thomas retaliated against plaintiff Booker in violation of the First Amendment (the "Third Cause of Action"); (4) defendants Fagan, Robinson, and Graham denied plaintiff Booker due process and equal protection in violation of the Fourteenth Amendment (the "Fourth Cause of Action"); and (5) defendant Graham violated plaintiff Booker's rights under the First Amendment free exercise clause and RLUIPA when he denied Booker the ability to attend congregate religious services while confined in SHU (the "Fifth Cause of Action"). (Dkt. No. 177 at 6-7).

In my December 4, 2015 order, I granted the motion to amend only in part. (Dkt. No. 177 at 16). I allowed plaintiffs to amend the First Cause of Action, in part. (*Id.* at 7-10). I denied plaintiffs' motion to amend with respect to the Second Cause of Action. (*Id.* at 10-11). I granted plaintiff Booker's motion to amend in part as to the Third Cause of Action, leaving only plaintiff Booker's First Amendment retaliation claim against defendants Fagan, Graham, and Robinson.[2] (*Id.* at 11-13). I denied plaintiff Booker's motion to amend as to the Fourth Cause of Action, but granted his motion to amend as to the Fifth Cause of Action. (*Id.* at 13-16).

The moving defendants – Arria, Carpenter, Griffen, and Stevens – are named in

---

[2] It appears that the Third, Fourth, and Fifth Causes of Action related only to plaintiff Booker.

5

plaintiffs' First Cause of Action.[3] These defendants were substituted for "John Does ##3-6" in the original complaint. (Dkt. No. 177 at 7). Plaintiff Booker alleges that on July 29, 2013, defendant Carpenter did not let plaintiff Booker out of his cell to attend Ramadan services, and when plaintiff Booker asked why he was not allowed to leave his cell, defendant Carpenter told plaintiff Booker that "'the facility is locked-down.'" (Dkt. No. 178 ¶ 22). Plaintiff alleges that on July 29, 2013, defendant Arria delivered plaintiff Booker's meal in a paper bag, but it was not the appropriate food for Ramadan. (*Id.* ¶ 23). When plaintiff Booker commented on the error, defendant Arria told plaintiff that he was "'not special,'" and that he was "'getting the same meal that everyone else gets.'" (*Id.*) Plaintiff Booker states that Arria did provide plaintiff with an Islamic Sahoor Bag[4] at 7:00 p.m. and told him that he and the other Muslim inmates would be getting their Ramadan meals "tomorrow" because the mess hall block was currently being searched. (*Id.* ¶ 25).

Plaintiff Booker claims that on July 30 and August 2, 2013, defendants Griffin and Stevens continued to deprive plaintiff Booker of the ability to leave his cell to attend daily congregate services. (*Id.* ¶ 27). Plaintiff Booker also alleges that these two defendants gave him "brown bag" meals which contained inappropriate food for Ramadan. (*Id.*) Plaintiff Booker alleges that he needed "spiritual guidance," and he

---

[3] Defendants Arria and Carpenter are also named in plaintiffs' Second Cause of Action, but as stated above, the motion to amend was denied as to the Second Cause of Action.

[4] According to plaintiff Booker, the Sahoor Bag is contains a breakfast meal. (Dkt. No. 178 ¶ 25). Because it was the incorrect meal, plaintiff Booker appears to allege that he was "unable to break his fast and he ate nothing for the rest of the night." (Dkt. No. 178 ¶ 26).

6

requested that defendants Arria, Griffin, and Stevens allow plaintiff to call the Imam during the lock-down, and they each told him that they could not comply with his request because the facility was on lock-down "per Superintendent's orders." (Dkt. No. 178 ¶ 31). Plaintiff Booker was also denied Jumah services by defendants Griffin and Stevens during the lock-down "under the instructions of Graham, Robinson and Thomas." (Dkt. No. 31).

The court notes that although plaintiffs Wilson and Colon have similar paragraphs in the parts of the amended complaint that relate to them, it does not appear that the new defendants are named as individuals who deprived plaintiffs Wilson and Colon of their constitutional rights. (*See* Dkt. No. 178 ¶¶ 123, 127 (Wilson), ¶¶ 145-47, 153 (Colon)).

## III. <u>Free Exercise of Religion</u>

### A. **Legal Standards**

The First Amendment guarantees the right to the free exercise of religion. *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). "Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis,* 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). However, the right "is not absolute or unbridled, and is subject to valid penological concerns, including those relating to institutional security." *Johnson v. Guiffere,* No. 04-CV-57, 2007 WL 3046703, at *4 (N.D.N.Y. Oct.17, 2007).

To succeed on a claim under the Free Exercise Clause, the plaintiff must show at

the threshold, that the challenged conduct "substantially burdens his sincerely held religious beliefs." *Pugh v. Goord*, 571 F. Supp. 2d 477, 497 (S.D.N.Y. 2008) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591). The issue of whether a "substantial burden" is required has been discussed at length, and although not specifically decided, recent cases still apply the requirement to Free Exercise cases. *Holland v. Goord*, 758 F.3d 215, 220-23 (2d Cir. 2014); *Walker v. Artus*, No. 9:10-CV-1431(MAD/DEP), 2013 WL 564909, at *8-9 (N.D.N.Y. Sept. 30, 2013) (citing *Salahuddin*, 467 F.3d at 274-75). This court will follow the analysis in *Holland* and will consider the First Amendment claim, assuming that the substantial burden test is still valid.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") also protects inmates' religious rights. RLUIPA prohibits the government from imposing a substantial burden on a prisoner's religious exercise unless the burden is the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C. § 2000cc-l(a). For a burden to be substantial, a plaintiff must demonstrate that the government's action pressures him to commit an act forbidden by his religion or prevents him from engaging in conduct or having a religious experience mandated by his faith. In addition, this interference must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine. *Pugh v. Goord*, 571 F.Supp.2d 477, 504–05 (S.D.N.Y.2008); *Graham v. Mahmood*, No. 05–10071, 2008 WL 1849167, at *14 (S.D.N.Y. Apr. 22, 2008); *Gill v. Defrank*, No. 98 Civ. 7851, 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000) (citing

8

*Boomer v. Irvin*, 963 F. Supp. 2d 227, 230 (W.D.N.Y. 1997)).

### B. Application

First, the court notes that denying plaintiffs' their religious meals during Ramadan, without more, may violate both the First Amendment and RLUIPA. *See Salahuddin*, 467 F.3d at 276-77 (denial of in-cell Ramadan meal); *Ford*, 352 F.3d at 593-94 (denial of Eid-ul-Fitr meal during Ramadan – First Amendment).

Defendants Arria, Carpenter, Griffin, and Stevens argue that the amended complaint should be dismissed as against them, because no First Amendment or RLUIPA violations occurred based on the legitimacy of the lock-down and the security justification for limiting inmate movement during the pendency of the lock-down. In addition, the cancellation of the congregate services justifies the defendants' failure to let plaintiffs out of their cells to attend services. Because the defendants did not prepare the food, they were not responsible for the denial of the appropriate meals. These defendants also argue that they had no input into the development or implementation of the orders that they were following, and would be entitled to qualified immunity in any event.

While these statements may ultimately be true, as plaintiff correctly argues, it is inappropriate to grant a motion to dismiss based upon factual allegations contained in legal memoranda. *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). The court may not make any connections that are not established by the liberally read complaint alone. *Terranova v. New York*, 144 F. App'x 143, 145 (2d Cir. 2005) (citing *Friedl*, 210 F.3d at 84). Defendants allege that there is no allegation that the lock-down

9

was unlawful or for an illegitimate purpose. (Def.s' Mem. of Law at 6). However, as plaintiff Booker points out, the amended complaint states that the facility lock-down was "arbitrary and capricious in violation of D.O.C.C.S. directives, policy and procedures for the operation of Ramadan fast ceremonies." (Dkt. No. 178 ¶ 136). The court must accept this statement by plaintiffs as true.

In addition, plaintiffs allege that defendant Bellnier authorized defendants to *continue* affording the Muslim inmates their Ramadan meals, notwithstanding the lock-down, and thus, it is possible that the defendants could have violated those orders in denying plaintiffs the proper meals, whether they prepared them or not. Although the moving defendants allege in their memorandum of law that they are entitled to qualified immunity because they were subordinates who were just following orders, this fact is not "established" by the complaint, and would require affidavits from the defendants, which would only be appropriate in a summary judgment motion.

Defendants cite *Williams v. Goord*, 142 F. Supp. 2d 416, 430 (S.D.N.Y. 2001) in support of their qualified immunity argument, but *Williams* was decided on a motion for summary judgment, not one to dismiss for failure to state a claim. *Varrone v. Bilotti*, 123 F.3d 75, 82 (2d Cir. 1997), another case cited by defendants, was also decided on summary judgment, and the subordinate officers were granted qualified immunity after their supervisors were granted qualified immunity, based on the assumption that if the superior officer was protected by qualified immunity, his or her subordinate, who was carrying out the order, would be entitled to the same immunity. Thus, in this case, without more information, this court is unwilling to recommend

dismissal based on the defendants' statement in their brief that they were following orders. While the amended complaint does state that the "executive team" was responsible for the orders, it is not clear that the moving defendants were not aware that they were violating plaintiffs' constitutional rights by denying the appropriate meals or by refusing to call the Imam when requested.[5] (*See* Dkt. No. 178 ¶¶ 23, 31). Thus, while a claim based on the failure to let plaintiffs out of their cells for a religious service which was canceled by a superior officer may be able to be dismissed on the pleadings, other claims against the moving defendants would not be susceptible to dismissal under the circumstances.[6]

The court also notes that this case is still in the discovery stages, and it would be more appropriate to move for summary judgment after discovery has been completed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the motion to dismiss, filed on behalf of defendants

---

[5] Qualified immunity protects government officials performing discretionary functions in the course of their employment where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A government actor is entitled to qualified immunity "if either (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001) (internal quotation marks omitted). It was clearly established as long ago as 2006 that prison officials may not substantially burden inmates' right to religious exercise without some justification. *Salahuddin*, 467 F.3d at 275-76.

[6] As I stated in my December 4, 2015 order, any RLUIPA claims "seeking monetary damages" were dismissed by Judge Suddaby in his March 2014 order. (Dkt. No. 177 at 7, 16 nn.4, 10; Dkt. No. 24 at 18 n.17). It is well-settled that RLUIPA does not provide a cause of action for damages against states or state officials in their official capacities. *Sossamon v. Texas*, 131 S. Ct. 1651 (2011). The court has reviewed the injunctive relief sought in this case. It is unclear whether any of plaintiffs' claims for injunctive relief are based upon alleged RLUIPA violations. Thus, plaintiffs' RLUIPA claims may be subject to dismissal. However, the moving defendants do not address this issue, and the court will not raise it sua sponte.

11

Arria, Carpenter, Griffin, and Stevens (Dkt. No. 186) be **DENIED WITHOUT PREJUDICE TO SUBMISSION OF A PROPERLY SUPPORTED MOTION FOR SUMMARY JUDGMENT.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 21, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge