UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIN B. BOOKER; and PAUL COLON,

                Plaintiffs,

v.                                              9:13-CV-1342
                                                       (GTS/ATB)

HAROLD D. GRAHAM, Superintendent, Auburn
Corr. Facility; JUSTIN THOMAS, Deputy
Superintendent of Programs at Auburn Corr. Facility;
GRAFTON ROBINSON, Deputy Superintendent
of Security at Auburn Corr. Facility; JOHN DOE #1,
Corr. Officer, Auburn Corr. Facility; JOHN DOE #2,
Corr. Officer, Auburn Corr. Facility; DONNA
MARTIN, Food Serv. Admin. at Auburn Corr.
Facility; CAPTAIN FAGAN, Auburn Corr. Facility;
ARRIA, Corr. Officer, Auburn Corr. Facility;
D. CARPENTER, Corr. Officer, Auburn Corr.
Facility; GRIFFIN, Corr. Officer, Auburn Corr.;
and STEVENS, Corr. Officer, Auburn Corr. Facility,

                Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

AMIN B. BOOKER, 92-A-6245
  Plaintiff, *Pro Se*
Elmira Correctional Facility
Elmira, New York 14902

PAUL COLON, 03-A-5813
  Plaintiff, *Pro Se*
Fishkill Correctional Facility
Beacon, New York 12508

HON. ERIC T. SCHNEIDERMAN                     ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* prisoner civil rights action filed by Amin B. Booker and Paul Colon ("Plaintiffs") against the eleven above-captioned employees of the New York State Department of Corrections and Community Supervision ("Defendants") arising from alleged religious rights violations at Auburn Correctional Facility in 2013, are the following: (1) Defendants' motion for summary judgment; (2) Plaintiff Booker's motion for sanctions pursuant to Fed. R. Civ. P. 11; (3) United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff Booker's motion for sanctions be denied, that Defendants' motion for summary judgment be granted as to Plaintiffs' First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims, and that Defendants' motion for summary judgment be denied as to Plaintiff Booker's retaliation claims against Defendants Graham, Robinson and Fagan; (4) Defendants' Objections to the Report-Recommendation; (5) Plaintiff Booker's Objections to the Report-Recommendation; and (6) Plaintiff Booker's letter-motion requesting that the Court strike Defendants' Objections as untimely. (Dkt. Nos. 201, 215, 224, 225, 226, 228.) Plaintiff Colon has not submitted an Objection to the Report-Recommendation and the time in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety: Plaintiff Booker's motion for sanctions is denied; Defendants' motion for summary judgment is granted as to Plaintiffs' First Amendment and RLUIPA claims, and denied as to Plaintiff Booker's retaliation claims against Defendants Graham, Robinson and Fagan; and Plaintiff Booker's motion for sanctions is denied. (Dkt. No. 224, at Parts III-V.) Finally, Plaintiff Booker's letter-motion to strike Defendants' Objections is denied.

## I. RELEVANT BACKGROUND

### A. Claims and Facts

Because this Decision and Order is intended primarily for the review of the parties, the Court will not recite Plaintiffs' claims and the events giving rise to them, which are accurately summarized in Part I of Magistrate Judge Baxter's Report-Recommendation. (Dkt. No. 224, at 1-6.)

### B. Magistrate Judge Baxter's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Baxter rendered the following four recommendations: (1) that Plaintiffs' First Amendment and RLUIPA claims be dismissed because (a) Defendants have demonstrated a legitimate penological interest for the burden imposed on Plaintiffs' First Amendment rights, and (b) in light of Plaintiffs' current places of incarceration, their RLUIPA claims are moot as against the only Defendants that they have named; (2) that Plaintiff Booker's First Amendment and RLUIPA claims against Defendant Graham arising from Plaintiff Booker's confinement in administrative segregation be dismissed because Defendant Graham has demonstrated that security concerns justified a restriction on congregate religious services, and that available alternative means of religious exercise did not infringe on those security concerns; (3) that Plaintiff Booker's retaliation claim against Defendants Graham, Robinson and Fagan remain pending because (a) the record contains admissible evidence of a temporal proximity between his Ramadan grievances and his confinement in a Special Housing Unit ("SHU"), (b) the record contains admissible evidence that Defendants Fagan and Robinson admitted a connection between his Ramadan grievances and his confinement in confinement in SHU, (c) the record contains admissible evidence that inmate Mark McCoy heard an unidentified hearing officer admit that Auburn Correctional

Facility officials were retaliating against those who filed Ramadan grievances, (d) in support of their argument that they would have confined Plaintiff Booker in SHU in the absence of his Ramadan grievances (because he was involved in organizing a work strike), Defendants have submitted only a summary of the confidential information that purportedly implicated Plaintiff Booker, improperly offering the actual confidential information to the Court for *in camera* review without disclosure to Plaintiffs, and (e) under the circumstances, it is impossible to conclude that these three Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; and (4) that Plaintiff Booker's motion for sanctions be denied because Defendants' motion for summary judgment had factual and legal merit (as evident from the fact that the Court has partially granted Defendants' motion). (Dkt. No. 224, at Parts III-IV.)

### C. Plaintiff Booker's Objections to the Report-Recommendation

Generally, in his Objections to the Report-Recommendation, Plaintiff Booker asserts the following three arguments: (1) Magistrate Judge Baxter erred in recommending that Plaintiff Booker's First Amendment and RLUIPA claims be dismissed, because, *inter alia*, he omitted from his analysis numerous undisputed facts, he applied the incorrect legal standard, and he placed a heightened burden of proof on Plaintiff Booker; (2) Magistrate Judge Baxter erred in recommending that Plaintiff Booker's First Amendment and RLUIPA claims against Defendant Graham (arising from Plaintiff Booker's confinement in administrative segregation) be dismissed, because, *inter alia*, he addressed the issue *sua sponte*, and accepted Defendants' post-hock justification without record support; and (3) Magistrate Judge Baxter erred in recommending that Plaintiff Booker's motion for sanctions be denied, because Defendants' motion for summary judgment lacks proper evidentiary support in violation of Fed. R. Civ. P. 11(b). (Dkt. No. 225.)

4

D.  **Defendants' Objections to the Report-Recommendation**

Generally, in their Objections, Defendants argue that Magistrate Judge Baxter erred by denying Defendants' motion for summary judgment as to Plaintiff Booker's retaliation claims against Defendants Graham, Robinson and Fagan for each of two alternative reasons: (1) as a threshold matter, Magistrate Judge Baxter was incorrect in ruling that Defendants did not submit sufficient evidence that they would have confined Plaintiff Booker in SHU in the absence of his Ramadan grievances, because (a) the declarations submitted by Defendants Graham, Robinson and Fagan show that Defendant Fagan (who ultimately recommended that Plaintiff Booker be placed in administrative segregation and who never knew of Plaintiff Booker's grievances) initiated a fruitful investigation into Plaintiff Booker's strike activities before Plaintiff Booker filed his grievances, and (b) in any event, the actual confidential information relied on by Defendants (which Magistrate Judge Baxter refused to review *in camera*) may be used by Defendants without disclosure to Plaintiff Booker under any circumstances, given Defendants' right to defend themselves and the need for security; and (2) in the alternative, Magistrate Judge Baxter was incorrect in rejecting Defendants' qualified immunity argument, because (a) Defendant Fagan (who, again, was not aware of Plaintiff Booker's grievances before the hearing investigation) is not liable for the actions of Defendants Graham or Robinson, (b) Defendant Robinson's sworn declaration states that he decided to place Plaintiff Booker in administrative housing based on evidence presented at the administrative hearing, and (c) Magistrate Judge Baxter misread Paragraph 82 of Plaintiffs' Amended Complaint as alleging that Defendant Graham retaliatorily transferred Plaintiff Booker, warranting (at the very least) that Defendants be given a brief opportunity to submit evidence as to why Plaintiff Booker was actually transferred.  (Dkt. No. 226.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ.*

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which the parties specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 224, at Parts III-IV.) To those reasons, the Court adds the following five points.

First, Plaintiff Colon never opposed Defendants' motion for summary judgment. (Dkt. No. 216.) In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit,

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

8

which has appropriately been characterized as a "modest" burden.[5] Here, the arguments presented by Defendants against Plaintiff Colon met this modest threshold burden, at the very least. Moreover, the fact that Plaintiff Colon never objected to the dismissal of his claims means that the recommendations of the dismissal of those claims are entitled to only a clear-error review, which they easily survive.

Second, Defendants' heavy reliance on the declarations of Defendants Graham, Robinson and Fagan is misplaced. The declarations do not somehow eradicate Plaintiff Booker's sworn statements that two of these three Defendants (i.e., Robinson and Fagan) admitted in his presence that the actual reason he was being placed in administrative segregation was his filing of grievances (and not his asserted involvement in organizing a work strike). (*See, e.g.,* Dkt. No. 178, at ¶¶ 74-76 [Plfs.' Am. Compl.]; Dkt. No. 201, Attach. 2, at 69-72 [attaching pages "68" through "71" of Plf. Booker's Depo. Tr.].)[6] Given the nature of the asserted admissions (i.e., why Plaintiff Booker was actually being placed in administrative segregation, not simply that Defendants Robinson and Fagan disliked his grievances), the admissions may be used to establish both (1) Plaintiff Booker's prima facie case that Defendants acted with a retaliatory

---

[5] *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[6] The Court notes that Plaintiffs' Verified Amended Complaint has the force and effect of an affidavit for purposes of Defendants' motion for summary judgment. *See, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d. Cir.2004) ("[A] verified pleading . . . has the effect of an affidavit and may be relied upon to oppose summary judgment."); *Fitzgerald v. Henderson*, 251 F.3d 345, 361 (2d Cir.2001) (holding that plaintiff "was entitled to rely on [his verified amended complaint] in opposing summary judgment"), *cert. denied*, 536 U.S. 922 (2002); *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1993) ("A verified complaint is to be treated as an affidavit for summary judgment purposes.").

animus, and (2) a genuine dispute of material fact that Defendants would *not* have taken the adverse action in the absence of the protected conduct.

Third, in their Objections, Defendants cite no authority for their argument that they may rely on confidential information in support of a motion for summary judgment without disclosing that information to their opponent, because of their right to defend themselves and the need for security. (Dkt. No. 225, at 2.) This omission is conspicuous, given the cases cited by Magistrate Judge Baxter in his Report-Recommendation. (Dkt. No. 224, at 25-26 [citing *Spiteri*, *Gibson* and *Hansberry* decisions].) The Court notes that its review of the issue has yielded cases similar to those cited by Magistrate Judge Baxter. *See, e.g., Kerry v. Mitchell,* 67 F.R.D. 1, 15-16 (S.D.N.Y. 1975); *Benitez v. Locastro*, 04-CV-0423, Order, at 2 (N.D.N.Y. filed Feb. 4, 2009) (Treece, M.J.); *Benitez v. Locastro*, 04-CV-0423, Order, at 2-5 (N.D.N.Y. filed May 8, 2009) (Treece, M.J.); *Palacio v. Goord*, 03-CV-0836, 2008 WL 87551, at 2, n.3 (N.D.N.Y. Jan. 7, 2008) (Mordue C.J.). At trial, Defendants will have another opportunity to submit evidence and argument to persuade the Court of the existence of compelling security concerns necessitating non-disclosure of the evidence to Plaintiff Booker. If Defendants fail to so persuade the Court, they may either disclose the evidence to Plaintiff Booker or choose not to use it. *Cf. Kerry,* 67 F.R.D. at 15 ("Either the documents are privileged, and the litigation must continue as best it can without them, or they should be disclosed at least to the parties . . . ."). If Defendants succeed in so persuading the Court, the Court will consider whether Plaintiff Booker's *pro bono* counsel may review the evidence and devise an adequate response (including cross-examination).

Fourth, with regard to Defendants' request that they be given a brief opportunity to submit evidence as to why Plaintiff Booker was actually transferred, that request is denied. Although Defendants apparently did not construe Paragraph 82 of Plaintiffs' Amended

10

Complaint with the special liberality appropriate for *pro se* pleadings, the Court may, and does, do so.[7] When considered in context with prior paragraphs, Paragraph 82 alleges facts plausibly suggesting that Defendant Graham was acting in a retaliatory manner in conjunction with Defendants Robinson and Fagan when he transferred Plaintiff Booker to another facility. (Dkt. No. 178, at ¶ 82 [Plfs.' Am. Compl.].) As a result, Defendants should have submitted the referenced evidence to Magistrate Judge Baxter. Under the circumstances, the Court will refuse to consider evidentiary material that was not presented to Magistrate Judge Baxter, for reasons of judicial efficiency and the Federal Magistrate's Act. *See, supra,* Part II of this Decision and Order.

Fifth, the Court rejects Plaintiff Booker's request to strike Defendants' Objections based on untimeliness. Magistrate Judge Baxter's Report-Recommendation was issued on October 26, 2016. (Dkt. No. 224.) Defendants' Objections were due 14 days later, on November 9, 2016. Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(1)(B),(C); Fed. R. Civ. P.

---

[7] *See Rodriguez v. Estate of Drown*, 10-CV-1172, 2011 WL 4592386, at *6 (N.D.N.Y. Sept. 30, 2011) (Suddaby, J.) ("While Defendant did not specifically challenge this portion of Plaintiff's due process claim in his memorandum of law (no doubt because it takes an extension of special solicitude to Plaintiff to discern that portion of his claim in his Complaint), it was proper for Magistrate Judge Lowe to do so pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)."); *Green v. LaClair*, 07-CV-0351, 2012 WL 1144569, at *14, 20 (N.D.N.Y. Feb. 24, 2012) (Peebles, M.J.) ("Apparently misconstruing plaintiff's submissions, the defendants have addressed only a single instance in which defendant Blood is alleged to have been involved [in the deprivation of exercise during plaintiff's keeplock confinement] . . . Accordingly, it is hereby respectfully RECOMMENDED that defendants' motion for summary judgment, Dkt. No. 145, be GRANTED as to all claims in plaintiff's complaint, with the exception of his Eighth Amendment claim against defendant Blood relating to the alleged deprivation of exercise during his keeplock confinement . . . ."), *adopted*, 2012 WL 1048764 (N.D.N.Y. March 28, 2012) (Suddaby, J.); *cf. McCarroll v. Fed. Bureau of Prisons*, 08-CV-1343, Decision and Order, at 5-6 (N.D.N.Y. filed March 2, 2010) (Lowe, M.J.) ("Despite the clarity of Plaintiff's complaint, Defendants repeatedly state that Plaintiff 'alleges the DNA Act is unconstitutional' and devote several pages to arguing that Plaintiff has failed to state a Fourth Amendment claim. . . . As a result of this focus on issues that are not raised by this case, Defendants' briefs largely fail to discuss the issues that are raised by this case.").

11

6(d). However, the Objections were filed on November 13, 2016. (Dkt. No. 226.) As a result, the Objections were four days late. Under the circumstances, the Court finds cause to *nunc pro tunc* extend the deadline for Defendants' Objections to November 13, 2016, for three reasons. First, Defendants appear to have been misled by a docket entry.[8] Second, the Court can find no undue prejudice to Plaintiffs. Third, the Court previously granted Plaintiffs numerous deadline extensions. (*See, e.g.,* Text Order filed July 7, 2014; Text Order filed October 8, 2014; Text Order filed Dec. 9, 2014; Text Order filed Apr. 13, 2015; Text Order filed May 6, 2015; Text Order filed June 15, 2016.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 224) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff Booker's motion for sanctions (Dkt. No. 215) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 201) is **GRANTED** as to Plaintiffs' First Amendment and RLUIPA claims against Defendants Thomas, Martin, Arria, Carpenter, Griffin, Stevens, John Doe No. 1, and John Doe No. 2, who are **DISMISSED** from this action; and it is further

**ORDERED** that all of Plaintiff Paul Colon's claims in his complaint are **DISMISSED**, and he is terminated from this action; and it is further

---

[8] The docket entry reflecting the filing of the Report-Recommendation stated, in pertinent part, "Objections to R&R due by 11/14/2016." (Docket Entry for Oct. 26, 2016.) However, while that deadline applied to Plaintiffs' Objections, it did not apply to Defendants' Objections: it was only *Plaintiffs'* Objections that were due beyond the fourteen (14) calendar day deadline for objections, because it is only Plaintiffs who were served with the Report-Recommendation by mail. Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(d).

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 201) is **DENIED** as to Plaintiff Booker's retaliation claims against Defendants Graham, Robinson and Fagan, which claims **SURVIVE** Defendants' motion; and it is further

**ORDERED** that Plaintiff Booker's letter-motion to strike Defendants' Objections (Dkt. No. 228) is **DENIED**; and it is further

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff Booker for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule this case for trial. The parties are directed to appear at that pretrial conference with settlement authority.

Dated: December 9, 2016
       Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge