UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMIN B. BOOKER,

                           Plaintiff,

                                                          9:13-CV-1342
v.                                                     (GTS/ATB)

HAROLD D. GRAHAM; GRAFTON
ROBINSON; and CAPTAIN FAGAN,

                           Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

AMIN B. BOOKER, 98-A-6245
 Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

ERIC T. SCHNEIDERMAN                   ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently pending before the Court, in this civil rights action filed by Amin B. Booker ("Plaintiff") against the three above-captioned employees of the New York State Department of Corrections and Community Supervision ("DOCCS") (collectively "Defendants"), are Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59(a), and letter-motion for Court assistance in receiving transcripts. (Dkt. Nos. 282, 297.) For the reasons set forth below, Plaintiff's motions are denied.

I.  **RELEVANT BACKGROUND**

    A.  **Relevant Procedural History**

Plaintiff and five co-plaintiffs commenced this action by filing a *pro se* complaint.  (*See generally* Dkt. No. 1 ["Compl."].)  After extensive pre-trial litigation including but not limited to motion practice, an Amended Complaint, and the dismissal of the five co-plaintiffs, one cause of action remained for trial.  (*See generally* Docket Report.)  Generally, liberally construed, that one cause of action alleged that on August 13, 2013, in Auburn New York, Defendants violated Plaintiff's rights by retaliating against him for filing a grievance in that they filed a false report against him, confined him to Administrative Segregation ("AS"), and then transferred him to another prison facility.  (*See generally* Dkt. No. 178, pp. 12-14, 25.)  Generally, based on those factual allegations, Plaintiff asserted one First Amendment retaliation claim against Defendants based on 42 U.S.C. § 1983.  (Dkt. No. 178, p. 25.)

On December 20, 2016, the Court appointed Gabriel Nugent, Esq., as *pro bono* trial counsel for Plaintiff.  (Dkt. No. 230.)

A trial in this action occurred on February 27, 2017, February 28, 2017, and March 1, 2017.  (Dkt. Nos. 269, 270, 271.)  At the conclusion of the trial, a jury reached a verdict in favor of Defendants and Judgment was entered accordingly.  (Dkt. Nos. 272, 277.)

On March 27, 2017, Plaintiff filed the current motion seeking a new trial.  (Dkt. Nos. 282, 290, 292.)  Defendants opposed this motion.  (Dkt. No. 288.)

### B. Parties' Briefing of Plaintiff's Motion

#### 1. Plaintiff's Memorandum of Law

Generally, liberally construed, Plaintiff's motion for new trial seeks a new trial pursuant to Fed. R. Civ. P. 59(a) because improper evidence was presented to the jury and his trial counsel was ineffective. (*See generally* Dkt. No. 282, Attach. 1 [Pl.'s Mem. of Law]; Dkt. No. 282, Attach. 2 [Pl.'s Aff.].) More specifically, Plaintiff's motion argues that the following seven pieces of evidence should not have been admitted at trial: (1) the AS packet; (2) Plaintiff's gang affiliation; (3) Plaintiff's influence in the prison; (4) Plaintiff's aliases; (5) Plaintiff's history of carrying weapons; (6) the rumor that Plaintiff was involved in organizing a prison work-strike; and (7) Plaintiff's prison disciplinary history. (*Id.*) Accordingly, Plaintiff argues that he should be granted a new trial based on any one or more of the following five grounds: (1) character evidence regarding Plaintiff was inadmissible and was improperly presented to the jury; (2) inadmissible hearsay evidence was improperly presented to the jury;[1] (3) highly prejudicial evidence was improperly presented to the jury; (4) Plaintiff had ineffective assistance of trial counsel who failed to appropriately object to or move to strike inadmissible evidence; and (5) Plaintiff was denied his equal protection and due process rights to a fair trial due to the errors by the Court and his court appointed counsel. (*Id.*)

---

[1] Plaintiff also argues that, because Defendants did not conduct an independent credibility assessment of the confidential sources at the disciplinary hearing, they should be prohibited from using them at trial pursuant to *Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004). (Dkt. No. 282-1, ¶ 11.) However, at trial, Plaintiff did not have a due process claim pending. Accordingly, the Court does not address this argument.

### 2. Defendants' Response

Generally, in response to Plaintiff's motion, Defendants assert the following six arguments: (1) the evidence adduced and presented at trial was properly ruled admissible by the Court in deciding the parties' pre-trial motions; (2) the AS packet was corroborative of the penological security concerns that resulted in Plaintiff's confinement to AS; (3) the Court compromised with regard to Plaintiff's criminal conviction, and Defendants remained within the confines of the Court's ruling; (4) the Court permitted Defendants to offer evidence of Plaintiff's disciplinary history within DOCCS because it was directly probative of whether confining Plaintiff to AS was appropriate and whether Defendants were reasonable to give credence to the rumor that Plaintiff was organizing an inmate work strike and encouraging the use of weapons; (5) the "character evidence" at trial that depicted Plaintiff as a gang leader with great influence in the prison was offered merely because it was information relied on by Defendants in making the decisions to confine him to AS and transfer him to another prison facility; and (6) the legal representation provided to Plaintiff at trial was exceptional and does not provide a basis for a new trial.  (Dkt. No. 288, Attach. 1 [Defs.' Mem. of Law].)

### 3. Plaintiff's Reply

Generally, in his reply Plaintiff asserts the following three arguments: (1) character evidence is inadmissible in civil actions; (2) Defendants admit that hearsay was used throughout the trial and Defendants never submitted a notice of "unavailability" for the individual(s) with firsthand knowledge; and (3) Plaintiff's due process, equal protection, effective assistance of counsel, and confrontation clause rights have been violated.

## II.     GOVERNING LEGAL STANDARDS

### A.     Legal Standard Governing Motions for a New Trial Pursuant to Fed. R. Civ. P. 59(a)

Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1)(A). The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (internal quotation marks omitted); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997). Examples of such a serious error or a miscarriage of justice include when "the verdict is against the weight of the evidence," or when "for the reasons stated the trial was not fair to the moving party." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir. 1983). However, "the court should only grant a motion for a new trial when the jury's verdict is 'egregious' . . . [and] should rarely disturb a jury's evaluation of a witness's credibility.'" *DLC Mgmt. Corp.*, 163 F.3d at 134 (internal quotation marks omitted); *see also Dunlap-McCuller v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992).

Where a party moves for a new trial on the basis of the Court's error in an evidentiary ruling, the movant must establish that "the introduction of inadmissible evidence was a clear abuse of discretion and was so clearly prejudicial to the outcome of the trial" that the jury's verdict was "seriously erroneous" or a "miscarriage of justice." *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir.1997); *see also Lore v. City of Syracuse*, 670 F.3d 127, 155 (2d Cir. 2012) (holding that an erroneous evidentiary ruling warrants a new trial only when a substantial right

5

of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error); *Rosenfeld v. Basquiat*, 78 F.3d 84, 92 (2d Cir. 1996) (holding that reversal of a jury verdict is not warranted unless the trial court's error would have affected "the substantial rights of the parties" or have "changed the case's outcome").

A motion for a new trial is tempered by Fed. R. Civ. P. 61, which provides that:

> [u]nless justice requires otherwise, no error in admitting or excluding evidence–or any other error by the court or a party–is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

*Martinez v. Thompson*, 9:04-CV-0440, 2008 WL 5157395, at *4 (N.D.N.Y. Dec. 8, 2004) (quoting Fed. R. Civ. P. 61) (Peebles, M.J.).

The Court "measure[s] prejudice by assessing the error in light of the record as a whole." *Luciano*, 110 F.3d at 217. Further, a court "should not grant a new trial" simply because "the losing party believes it can present a better case if afforded another chance." *Libutti v. United States*, 178 F.3d 114, 118-19 (2d Cir. 1999).

### B.  Legal Standard Governing the Relevance of Evidence

Rule 401 of the Federal Rules of Evidence states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Rule 403 of the Federal Rules of Evidence "favors admissibility." *United States v. White*, 692 F.3d 235, 247 (2d Cir.2012); Fed. R. Evid. 403. However, "[e]ven relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,

6

waste of time, or needless presentation of cumulative evidence.'" *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (quoting Fed. R. Evid. 403). "Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rul 403 the prejudice must be *unfair*." *Constantino v. David M. Herzog, M.D., P.C.*, 230 F.3d 164, 174 (2d Cir. 2000) (citing *Weinstein's Federal Evidence* § 403.04[1][a] [2d ed. 1997]). The unfairness contemplated involves some adverse effect beyond tending to prove a fact or issue that justifies admission. *Constantino*, 230 F.3d at 174-175 (citing *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 [2d Cir. 1997]); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y.2015); *United States v. Gelzer*, 50 F.3d 1133, 1139 [2d Cir.1995]).

      **C.**      **Legal Standard Governing Hearsay Evidence**

Rule 801 of the Federal Rules of Evidence defines hearsay as a statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "[A] statement offered not for its truth, but rather to rebut an inference that a law enforcement investigation had an improper motive, is not hearsay." *United States v. Basciano*, 03-CR-0929, 2006 WL 1027154, at *1 (E.D.N.Y. Apr. 19, 2006).

Moreover, courts have "recognized that the 'requirements of prison security are unique.'" *Rodriguez v. Schneider*, 56 F. App'x 27, 28 (2d Cir. 2003) (quoting *Giakoumelos v. Coughlin*, 99 F.3d 56, 62 [2d Cir. 1996]). In making evidentiary rulings, the Court is required to balance "legitimate penological interests with [Plaintiff's] right to a fair trial." *Rodriguez*, 56 F. App'x at 28 (holding that the district court reasonably balanced the interests in granting summary judgment on a due process claim where an independent hearing officer concluded during the administrative segregation hearing that based on earlier, reliable information the informants had provided in other situations, the information was credible and Plaintiff was permitted full cross-

examination of two of the three prison guards who testified to the informant's communications at the hearing).

### D. Legal Standard Governing Character Evidence

Pursuant to Fed. R. Evid. 404(a)(1), "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

However, by its terms, Fed. R. Evid. 609(b) provides that evidence of a crime is not excludable if the individual is still incarcerated for that crime at the time of the admission of the evidence. *Blake v. Coughlin*, 205 F.3d 1321 (2d Cir. 2000) (summary order); *Eng v. Blood*, 9:04-CV-1146, 2008 WL 2788894, at *7 (N.D.N.Y. July 17, 2008) (Mordue, C.J.); *Somerville v. Saunders*, 11-CV-0556, 2014 WL 272415, at *5 (N.D.N.Y. Jan. 24, 2014) (D'Agostino, J.).

Generally, "where there is no tenable basis for contending that there was an issue such as intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct.'" *Hynes v. Coughlin*, 79 F.3d 285, 290-91 (2d Cir. 1996). However, "[w]here intent is in issue, evidence of other acts that bear on intent is properly admissible under Rule 404(b)." *Hynes*, 79 F.3d at 290. "For example, in a civil rights suit brought by a prison inmate, where the plaintiff testifies that he struck a corrections officer reflexively and by accident, the trial court may properly admit evidence of the plaintiff's prison disciplinary record of assaults to show the absence of mistake." *Id.*

Further, prison disciplinary records may be admissible for specific purposes. For example, prison disciplinary records are admissible to show a defendant's state of mind if the defendant was aware of the prisoner's prior relevant history. *Lombardo v. Stone*, 99-CV-4603, 2002 WL 113913, at *5 (S.D.N.Y. Jan. 29, 2002); *Hynes v. LaBoy,* 887 F. Supp. 618, 630

(S.D.N.Y. 1995); *Lataille v. Ponte*, 754 F.2d 33, 37 (1st Cir. 1985); *West v. Love*, 776 F.2d 170, 175 (7th Cir. 1985) (holding that the plaintiff's location in the special segregation unit and his history of violent behavior which caused his transfer to the unit was "clearly relevant to the defendants' assessment of the situation and to the reasonableness of their response."); *Sims v. Blot*, 354 Fed. App'x 504, 506-7 (2d Cir. 2009) (holding that the lower court properly admitted evidence of the plaintiff's bad conduct to rebut the plaintiff's contention that his misconduct was a motive for an assault by the guards).

### E. Legal Standard Governing Ineffective Assistance of Counsel

"It is well-settled law . . . that the constitutional guarantee of effective assistance of counsel does not extend to civil cases." *Guardado v. Nassau Cnty. Corr. Facility*, 160 F. App'x 66, 68 (2d Cir. 2005) (citing *United States v. Coven*, 662 F.2d 162, 176 [2d Cir. 1981]; *Watson v. Moss*, 619 F.2d 775, 776 [8th Cir. 1980]).

## III. RULE 59 MOTION FOR A NEW TRIAL

After carefully considering the matter, the Court finds that Plaintiff's Fed. R. Civ. P. 59 motion for a new trial must be denied because the verdict in this case was not against the weight of the evidence and Plaintiff has failed to put forth any assertion of cognizable unfairness. In fact, Plaintiff's arguments are either irrelevant to the underlying issues decided by the jury or are without legal or factual basis. The Court renders this finding generally for the reasons stated by Defendants in their memorandum of law. (Dkt. No. 288, Attach. 1 [Defs.' Mem. of Law].) To those reasons, the Court adds the following analysis.

### A. The Administrative Segregation Packet Was Properly Admitted.

As contemplated by the court in *Rodriguez v. Schneider*, 56 F. App'x 27, 28 (2d Cir. 2003), the Court weighed the penological interests of Defendant, DOCCS, and Plaintiff, and

9

properly admitted the AS packet in redacted form at trial. The packet was integral to the crux of the case, and the confidential letters from inmates were relied on by Defendants in making their decision to place Plaintiff in AS. Accordingly, it was imperative that the jury have access to the information that the Defendants relied on so that the jury could determine whether Defendants' actions were retaliatory or based on legitimate penological purposes.

      **B.**      **Defendant's History Was Properly Admitted.**

At trial, information about Plaintiff's disciplinary and criminal history was properly admitted. The evidence presented indicated that (1) Plaintiff is a member of the Bloods gang, (2) in August 2013, Plaintiff had a strong influence in Auburn Correctional Facility, (3) Plaintiff had numerous nicknames within the prison, (4) Plaintiff had a history of involvement with gangs/unauthorized organizations, fighting, and weapons, (5) Plaintiff had a history of violent felonies, and (6) in the summer of 2013, there was a rumor that Plaintiff and other inmates were organizing a work strike that called for violence. As indicated in Part I.B. of this Decision and Order, Plaintiff argues that this information was improperly admitted due to it being hearsay and it being improper character evidence.

With regard to Plaintiff's first argument, this evidence was not hearsay because it was not offered for the truth of the matters asserted. This evidence was offered for the effect it had on Defendants.

With regard to Plaintiff's second argument, as discussed fully in Defendants' opposition memorandum of law, Defendants were entitled to and did consider what they knew about Plaintiff's disciplinary history and criminal history in determining whether to give credence to the rumor that Plaintiff was involved in organizing a prison work strike. (Dkt. No. 288, Attach. 1, p. 1-4 [Defs.' Mem. of Law].) Further, Defendants were entitled to consider Plaintiff's

criminal and disciplinary history in weighing whether his presence in the general prison population would pose a threat to the safety and security of the facility. (*Id.*)

In addition, Plaintiff argues that the rumor itself should not have been presented to the jury. However, on direct examination in his case-in-chief, Plaintiff testified about the rumor. As a result, Defendants were entitled to respond. Moreover, the rumor was integral to the case and formed the basis as to why Plaintiff was placed in AS and ultimately transferred to another facility. Thus, it was proper to allow the parties to present this evidence to the jury.

Plaintiff's nicknames/aliases were important so that the jury could determine how Defendants concluded from the confidential letters that Plaintiff was involved in the rumored work strike. Without the aliases, the jury would have no way of connecting the names in the letters to Plaintiff.

Further, the Court properly ruled pursuant to Fed. R. Evid. 609(b) that Defendants may present evidence that Plaintiff was convicted of a violent felony. In fact, Plaintiff testified on direct in his case-in-chief that he was 39 years old and had been incarcerated since he was 19 years old. As a result, defense counsel's closing statement repeating this information was proper because it was based on evidence submitted to the jury by Plaintiff.

Therefore, all this evidence was properly presented to the jury to explain the grounds for Defendants' determination that the rumored work strike was credible.

### C.    **Plaintiff Had Effective Assistance of Counsel.**

As mentioned, there is no constitutional right to effective assistance of counsel in civil actions. Accordingly, the Court does not address this argument.

For all of these reasons, Plaintiff's motion for a new trial is denied.

## IV.  PLAINTIFF'S LETTER-MOTION FOR COURT ASSISTANCE

Five days after Plaintiff filed his letter-motion for Court assistance in receiving transcripts, the Court issued a Text Order directing him to, within thirty (30) days, supplement his letter-motion with a statement of the rule or statute on which he is basing his request in accordance with Local Rule 7.1(a)(1), and a showing of cause under that rule or statute. (Dkt. No. 298.) Plaintiff did not do so. (*See generally* Docket Sheet.) As a result, Plaintiff's letter-motion is denied as violative of Local Rule 7.1(a)(1).

Alternatively, Plaintiff's letter-motion is denied as unsupported by a showing of cause. As explained in the Court's Text Order, to the extent that Plaintiff bases his request on 28 U.S.C. § 753(f), no appeal has yet been filed, no determination has been made that such an appeal would be taken in good faith, no showing has been made that such an appeal presents a substantial question, and no showing has been made that the complete trial transcript is necessary to the presentation of the appeal. *Linden v. Harper & Row Inc.*, 467 F. Supp. 556 (S.D.N.Y. 1979).

For all of these reasons, Plaintiff's letter-motion for Court assistance is denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59 (Dkt. No. 282) is **DENIED**; and it is further

**ORDERED** that Plaintiff's letter-motion for Court assistance in receiving transcripts (Dkt. No. 297) is **DENIED**.

Dated: February 14, 2018
       Syracuse, NY

/s/ Glenn T. Suddaby
Hon. Glenn T. Suddaby
Chief U.S. District Judge